UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

DALE DICKERSON, ET AL           *           CIVIL ACTION

VERSUS                          *           NO: 06-5181

STATE FARM FIRE AND CASUALTY    *           SECTION: "D"(3)
COMPANY


                        **ORDER AND REASONS**

   Before the court is the **"Motion to Dismiss Plaintiffs' Federal Common Law Extra-Contractual Claims"** filed by Defendant, State Farm Fire and Casualty Company.  Plaintiffs, Dale and Shirley Dickerson, filed a memorandum in opposition.  The motion, set for hearing on Wednesday, May 23, 2007, is before the court on briefs, without oral argument.  Now, having considered the memoranda of counsel, the record, and the applicable law, the court rules.

                        **I.  Background**

   In this Hurricane-Katrina related matter, Plaintiffs allege that they had a flood insurance policy with State Farm, with limits of $168,700 for dwelling and $47,400 for personal contents. (Complaint at ¶IV).  Plaintiffs further allege that as a result of Hurricane Katrina, their home was significantly damaged, and

> [State Farm] sent an adjuster to evaluate [Plaintiffs] losses. The adjuster acted as [State Farm's] legal agent. The adjuster significantly undervalued Plaintiffs' damages to the dwelling but paid the limits of the contents coverage.

(*Id.* at ¶¶ Vi & VIII).

Plaintiffs claim that they fulfilled all obligations under the flood policy, but that State Farm violated National Flood Insurance Act of 1968 (NIFA), 42 U.S.C. §4001 *et seq.*, flood insurance regulations and "federal common law and federal common law bad faith laws **in the adjustment of Plaintiffs' flood claims**" by:

(1) failing to timely adjust Plaintiffs' flood claims;

(2) failing to honor Plaintiffs' satisfactory proof of loss;

(3) failing to properly train its adjusters and agents;

(4) failing to provide its adjusters and agents with proper uniform materials with which to properly evaluate claims;

(5) failing to take into account the economic climate of Hurricane Katrina; and

(6) failing to account for the increase in labor, materials, costs, and time in valuing Plaintiffs' claims.

(Complaint at ¶XVII, emphasis added).

Plaintiffs further claim that State Farm violated NIFA, flood insurance regulations and federal common law bad faith laws "**in the procurement of Plaintiffs' flood coverage**" by:

  (1) failing to provide and/or advise Plaintiffs to secure flood insurance;

  (2) failing to inform Plaintiffs of flood policy limitations and exclusions; and

  (3) under-insuring Plaintiffs.

(Complaint at ¶XVIII, emphasis added).

Plaintiffs seek to recover "all damages occasioned by [State Farm's] misconduct, specific and general, as well as attorneys' fees, costs, interests, [and] penalties." (*Id*. at XIX & Prayer).

In the instant motion, State Farm, a Write-Your Own (WYO) carrier participating in the United States Government's National Flood Insurance Program (NFIP) and appearing herein in its "fiduciary"[1] capacity as the "fiscal agent of the United States,"[2] seeks to dismiss "Plaintiffs' various extra-contractual theories that are presented ... under the label 'federal common law.'" (Motion at p. 2). State Farm does not seek dismissal of the Plaintiffs' underlying breach of contract action wherein Plaintiffs seek additional benefits under the Plaintiffs' Standard Flood Insurance Policy (SFIP).

---

  [1] 44 C.F.R. §62.23(f).

  [2] 42 U.S.C. §4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

## II.  Legal Analysis

Under 42 U.S.C. §4072, Plaintiffs undisputably have a cognizable breach of contract claim as they are dissatisfied with the amount State Farm offered them for the flood damage to their home.  However, at issue is whether or not Plaintiffs are entitled to assert: extra-contractual claims related to State Farm's adjustment/claims handling of Plaintiffs' flood claims; and extracontractual claims related to the procurement of their flood insurance policy.

**A. Plaintiffs' extracontractual claims arising from the adjustment or claims handling dispute are preempted.**

The Standard Flood Insurance Policy (SFIP) is contained in regulations promulgated by the Federal Emergency Management Agency (FEMA).  The SFIP for dwellings is located at 44 C.F.R. Pt. 61, Appendix A(1), and the last section of the SFIP setting forth "What Law Governs" provides:

> IX.  What Law Governs
>
> This policy and all disputes **arising from the handling of any claim** under the policy are governed **exclusively** by [1] the flood insurance regulations issued by FEMA, [2] the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001 *et seq.*), and [3] **Federal common law**.

44 C.F.R. Pt. 61, App. A(1), Art IX (emphasis added).

In 2002, FEMA amended the language of SFIP policies to read as quoted above, arguably as an express preemption of state law claims, and even in a pre-amendment dispute, the Fifth Circuit joined the Third and Sixth Circuits in holding that "state law tort claims arising from **claims handling** by a WYO are preempted by federal law." *Wright v. Allstate Ins. Co.*, 415 F.3d 385, 390 (5th Cir. 2005)(emphasis added).

At issue here, is whether or not Plaintiffs are entitled to assert extra-contractual claims under "federal common law," as that phrase is used in the SFIP. Regarding Plaintiffs' claims stemming from State Farm's **adjustment or claims handling** of Plaintiffs' flood claims (asserted in Complaint at ¶XVII), the court finds that Plaintiffs have not asserted any recognized federal common law theory, but have impermissibly re-labeled state law claims as federal common law claims.

Further, the court declines to recognize Plaintiffs' extra-contractual claims arising from claims handling or claims adjusting as federal common law claims. Rather, the term federal law as used in the SFIP has been interpreted to mean that when disputes over coverage arise under NFIA, they are resolved under federal law "by drawing upon standard insurance law principles." *Hanover Bldg. Materials, Inc. v. Guiffrida*, 748 F.2d 1011, 1013 (5th Cir. 1984). These principles govern construction and interpretation of

insurance contracts, and they determine what is due under the policy itself.  *Id.*

There is no indication from the statutory language of the NFIA or the language of the regulations that govern the SFIP, that Congress intended to create new federal common law to resolve disputes arising from the adjustment or claims handling of a flood claim made under a SFIP.  And the court declines to judicially create extra-contractual causes of action under the guise of "federal common law" for such disputes.[3]

**B.   Plaintiff's extracontractual claims arising from the procurement of their SFIP are not preempted.**

In determining whether Plaintiffs have valid extra-contractual claims arising from the Plaintiffs' **procurement** of their SFIP (asserted in Complaint at XVIII), the court finds no clear cut

---

[3]     The court recognizes that in a recent Hurricane Katrina related-case, in which the parties were represented by the same counsel in this case, Judge Barbier denied the WYO's Motion to Dismiss the Plaintiff's extracontractual claim for attorney's fees (to be awarded should the court find that the insurer acted in bad faith in requiring the plaintiffs to sue).  *Dwyer v. Fidelity National Prop. & Cas,. Ins. Co.*, 2007 WL 1063268 *1 (E.D.La. April 3, 2007).

Judge Barbier was not convinced that federal common law in the context of the NFIA means only contract interpretation, and he concluded that "[f]ederal common law includes the inherent authority to award attorney's fees for vexatious litigation provided that the factual predicate is proven."  *Id.* at *4.

However, after Trial, Judge Barbier stated that he "was unable to find a single case where the Fifth Circuit has upheld an award of attorney's fees under [the bad faith exception to the American Rule]" and based on the facts of the case, he declined to award Plaintiff attorney's fees.  (*See* Doc. No. 14-3, Excerpt of Trial Proceedings, pp. 17, 20).

answer from the language of the SFIP and caselaw. Plaintiffs' procurement claims, unlike their adjustment claims, are not subject to any language contained in the SFIP. Further, In *Wright*, the Fifth Circuit held that "state laws tort claims arising from claims handling by a WYO are preempted by federal law," but the *Wright* court did not address whether procurement-based claims are pre-empted. *Wright*, 415 F.3d at 390.[4]

---

[4] In *Wright*, the Fifth Circuit discussed two prior decisions: *West v. Harris*, 573 F.2d 873 (5th Cir. 1978); and *Spence v. Omaha Indem. Ins. Co.*, 996 F.2d 793 (5th Cir. 1993). The court stated:

> In *West*, the court determined that federal rather than state law applied to a claim for attorney's fees in a flood insurance dispute, because the flood insurance program was a "child of Congress, conceived to achieve policies that are national in scope, and [because] the federal government participates extensively in the program both in a supervisory capacity and financially..." *West*, 573 F.2d at 881. In *Spence*, we held that state law determined the statute of limitations for an insured's state law tort claims against a WYO. 996 F.2d at 796.
>
> Like others before it, the district court in this case interpreted our decisions in *West* and *Spence*, taken together, as holding that state law claims based on claims procurement were not preempted, while state law claims based on claims adjustment were. *See e.g. Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F.Supp.2d 513, 521 (D.N.J. 2000). Other courts, meanwhile, have read *Spence* to hold that state law tort claims against WYOs, whether based on procurement or claims adjustment, are not preempted by federal law. *See Davis v. Travelers Pro. & Cas. Co.*, 96 F.Supp.2d 995, 1003-04 (N.D.Cal. 2000).
>
> A careful reading of *Spence*, however, reveals that *Spence* does not hold that state law tort claims are not preempted by the NFIA. The issue in *Spence* was a narrow one: whether federal or state law determined the statute of limitations for bringing state law claims against a WYO. While we held that state law would govern the statute of limitations for state law

Preemption is primarily a question of Congressional intent. *Medtronic Inc. v. Lohr*, 518 U.S. 470, 483-84, 116 S.Ct. 2340, 135 L.Ed.2d 700 (1996). Further, where an area is traditionally regulated under state police power (such as insurance law), there is a presumption against preemption. *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 518, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992).

In addition to the lack of any language in the SFIP expressly preempting state law claims arising from procurement of the SFIP, statutes issued under the NFIA and the regulations promulgated by FEMA appear to contemplate negligence actions against WYO companies. *See e.g.*, 42 U.S.C. §4081(c)("The Administrator of the

---

> tort claims, we did not foreclose the possibility of field or conflict preemption. Rather, our holding was premised on the fact that "[t]he NFIA contains no express preemption provision" and '[n]either [the insurer] nor the federal government as amicus suggests preemption of the state law fraud claim." 996 F.2d at 797 n. 20. Thus, the issue of whether the NFIA preempted state law tort claims was not before the court in *Spence*, and the court did not address it.

*Wright,* 415 F.3d at 389-90.

The *Wright* court also noted in an unpublished decision, *Richmond Printing LLC v. Dir. Fed. Emergency Mgmt. Agency*, 72 Fed. Appx. 92 (5th Cir. 2003), the Fifth Circuit

> reconciled *West* and *Spence* as distinguishing between state law claims tied to the contract itself, which are preempted, and extracontractual tort clams, which are not. We went on to hold that, while the insured's state law claims against the WYO in that case were not preempted by federal law, they were impossible of success.

*Wright*, 415 F.3d at 389 n. 3.

Federal Emergency Management Agency may not hold harmless or indemnify an agent or broker for his or her error or omission.)

Further, FEMA regulations explicitly contemplate state and administrative agencies exercising auditing and regulatory control over WYO companies. *See* 44 C.F.R. Pt. 62, App. B(b)(1)("The WYO Companies are subject to audit, examination, and regulatory control over WYO companies."), and (b)(2)("[T]his process is consistent with customary reinsurance practices and avoids duplication of examinations performed under the auspices of individual State Insurance Departments, NAIC Zone examinations, and independent CPA firms."). *See also* 44 C.F.R. Pt. 62.23(a)(giving WYOs broad discretion to market the insurance polices "pursuant to their customary business practices.").

The court also finds that there is no conflict preemption because there is no actual conflict between federal insurance law and state law tort claims arising out of procurement of a SFIP. For example, under 44 C.F.R. Pt. 62, App. A(III)(D)(3),

> a. Following receipt of notice of ... litigation, the FEMA Office of the General Counsel ("OGC") shall review the information submitted. If the FEMA OGC finds that the litigation is grounded in actions by the Company that are significantly outside the scope of this Arrangement, and/or involves issues of agent negligence, then the FEMA OGC shall make a recommendation to the Administrator regarding whether all or part of the litigation is significantly outside the

9

> scope of the Arrangement.
>
> b. In the event the Administrator agrees with the determination of the FEMA OGC under Article III, Section D.3.a then the Company will be notified in writing within thirty (30) days of the Administrator's decision that any award or judgment for damages and any costs to defend such litigation will not be recognized under Article III as a reimbursable loss cost, expense or expense reimbursement.

Accordingly, United States Treasury funds are not at stake for judgments against WYO Companies arising out of tort claims based on the Company's actions/inactions made during procurement of the SFIP. *See e.g. Spence v. Omaha Indemnity Ins.*, 996 F.2d 793, 796 n. 17 (5th Cir. 1993).

Thus, having reviewed pertinent caselaw, statutes and regulations, the court concludes that Plaintiffs' extracontractual claims that are procurement-based are not preempted in the flood insurance context. To conclude otherwise "would leave an entire area of the insurance field unregulated and immunize private insurers no matter how egregious their conduct." *Reeder v. Nationwide Mut. Fire Ins. Co.*, 419 F.Supp.2d 750, 763 (D.Md. 2006).[5]

---

[5] Courts from the Eastern District of Louisiana have determined or indicated that procurement-based claims are not preempted by the NFIA. *See e.g. Moore v. USAA General Indem. Co.*, 2002 WL 31886719, *2-3 (E.D.La. 2002)(Vance, J.).; and *Powers v. Autin-Gettys-Cohen Ins. Agency, Inc.*, 2000 WL 1593401, *3-4 (E.D.La. 2000)(Duval, J.).

**C.  Plaintiffs are not entitled to attorneys fees under the Equal Access to Justice Act.**

Plaintiffs also argue that they are entitled to attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412(b), which allows attorney's fees to be awarded to "the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity."  However, while State Farm is a WYO carrier participating in the NFIP as fiscal agent for the United States, it is not an agency of the United States as required by the EAJA.  Under 44 C.F.R. Pt. 62.23(g),

> A WYO Company shall act as a fiscal agent of the Federal Government, but not as its general agent.  WYO Companies are solely responsible for their obligations to their insured under any flood insurance policies issued under agreements entered into with the Administrator, such that the Government is not a proper party defendant in any lawsuit arising out of such policies.

Thus, the court concludes that Plaintiffs are not entitled to attorney's fees under EAJA.

### III.  Conclusion

For the reasons set forth above,

**IT IS ORDERED** that State Farm's **"Motion to Dismiss Plaintiffs' Federal Common Law Extra-Contractual Claims"** be and is hereby **GRANTED IN PART**, dismissing Plaintiff's extracontractual claims arising from their adjustment or claims handling dispute;

**IT IS FURTHER ORDERED** that State Farm's **"Motion to Dismiss Plaintiffs' Federal Common Law Extra-Contractual Claims"** be and is hereby **DENIED IN PART**, to the extent that Plaintiffs' extracontractual claims that are procurement-based remain viable; and

**IT IS FURTHER ORDERED** that Plaintiffs' claim for attorney's fees under the EAJA is **DENIED.**

New Orleans, Louisiana, this **23rd** day of **May, 2007.**

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE